# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 7, 2024

Lyle W. Cayce
Clerk

No. 22-20157
Summary Calendar

—————————

Spencer Farwell; Selena Mcdade,

*Plaintiffs—Appellants*,

*versus*

Kraig L. Rushing,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-517

———————————————————

Before Jones, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Spencer Farwell and Selena Mcdade filed a civil lawsuit alleging, amongst other things, that their privately retained attorney Kraig L. Rushing violated their right to due process and committed legal malpractice. After determining that Farwell and Mcdade did not allege any federal claims and that the parties were not diverse, the district court granted Rushing's motion

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

to dismiss. On appeal, Farwell and Mcdade reassert their arguments that Rushing violated their right to due process and committed legal malpractice. To the extent that Farwell and Mcdade raise additional arguments in their reply brief, we generally do not consider arguments raised for the first time in a reply brief. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).

Although pro se filings are afforded liberal construction, even pro se litigants must brief arguments to preserve them. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). By failing to address or identify any error in the district court's determination that it lacked subject matter jurisdiction over Rushing, Farwell and Mcdade have waived review of the district court's dismissal of the complaint as to Rushing. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Regardless, the district court did not err in determining that it lacked federal question jurisdiction over Rushing. Farwell's and Mcdade's claims against Rushing are not cognizable because "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and citations omitted). Moreover, to the extent that they assert that Rushing conspired against them in violation of 18 U.S.C. §§ 241 and 242, these are criminal statutes that do not provide for a private right of action. *See Ali v. Shabazz*, No. 93-2495, 1993 WL 456323 (5th Cir. Oct. 28, 1993) (unpublished).[1] The district court lacked federal question jurisdiction over Rushing, *see* 28 U.S.C. § 1331, and there is no dispute that diversity jurisdiction is absent, *see* 28 U.S.C. § 1332.

AFFIRMED.

---

[1] "Unpublished opinions issued before January 1, 1996, are precedent." 5TH CIR. R. 47.5.3.